UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY SIMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK,<br><br>　　　　　Defendant. | Case No.: 1:20-cv-01775-DAD-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

　　　　Plaintiff Quincy Sims is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the instant action on December 1, 2020, along with a motion to proceed *in forma pauperis*.[1]  (ECF Nos. 1, 2.)  For the reasons discussed below, the Court recommends that Plaintiff not be allowed to proceed *in forma pauperis* and tat Plaintiff instead be required to pay the filing fee if he wishes to proceed with this action.

///

///

---

[1] Under the mailbox rule, a prisoner's pleading is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint was filed, under imminent danger of serious physical injury. The Court takes judicial notice of the following cases: (1) Sims v. Rios, et al., CAED No. 2:10-cv-01893-LKK-DAD, dismissed on November 1, 2020 for failure to state a cognizable claim for relief; (2) Sims v. Doe, et al., CAED No. 1:14-cv-00864-MJS, dismissed on August 29, 2014 for failure to state a cognizable claim for relief; (3) Sims v. Lesinak, et al., CAED No. 1:14-cv-01130-SKO, dismissed on June 2, 2015 for failure to state a cognizable claim for relief.[2]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on December 1, 2020. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are

---

[2] A pre-Williams dismissal of an inmate suit by a magistrate judge without the consent of the defendant can count as a strike under 28 U.S.C. § 1915(g). Hoffmann v. Pulido, 928 F.3d 1147, 1150-51 (9th Cir. 2019).

immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of serious physical injury at the time of filing. Plaintiff contends that prison officials have acted with deliberate indifference by holding him beyond his scheduled release date of September 23, 2020 by failing to apply extraordinary conduct credits pursuant to a memorandum dated July 9, 2020 by the Office of the Secretary of the California Department of Corrections and Rehabilitation, Division of Adult Institutions. Plaintiff seeks punitive damages for emotional distress he has suffered by being detained beyond his alleged release date. It is clear that Plaintiff's allegations fail to demonstrate that he faced imminent danger of serious physical injury at the time of filing, and Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action.

## II.
## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed *in forma pauperis* be denied and Plaintiff be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

///
///
///
///

3

1  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)
2  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

4  IT IS SO ORDERED.

5  Dated:   **December 18, 2020**

6                                                                    UNITED STATES MAGISTRATE JUDGE